Cabot Christianson, Esq.
Alaska Bar No. 7811089
LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Suite 201
Anchorage, AK 99501
(907) 258-6016
cabot@cclawyers.net

Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| ALASKA UROLOGICAL INSTITUTE, P.C., ) | | [Case No. 20-00086 GS |
| ) | |  Chapter 11] |
| ) | | |
| Debtor. ) | | |
| ) | | |
| ALASKA UROLOGICAL INSTITUTE, P.C., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Adv. No. 20-        GS |
| ) | | |
| UNITED STATES SMALL BUSINESS ) | | |
| ADMINISTRATION and JOVITA CARRANZA, ) | | |
| in her capacity as Administrator for the United ) | | |
| States Small Business Administration, ) | | |
| ) | | |
| Defendants. ) | | |

## VERIFIED COMPLAINT

Plaintiff, Alaska Urological Institute, P. C. ("Debtor") states its complaint as follows.

Page 1        VERIFIED COMPLAINT
              H:\3302\SBA\Complaint\Complaint.wpd

## ALLEGATIONS COMMON TO ALL COUNTS

### Jurisdiction

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1361, and 2201, and 15 U.S.C. § 634(b). Jurisdiction is also proper under the judicial review provisions of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702.

2. Declaratory and injunctive relief is sought consistent with 5 U.S.C. § 706 and as authorized by 28 U.S.C. § 2201 and 2202. The award of costs and attorneys' fees against the United States ("U.S.") generally or against the SBA specifically is sought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The venue is proper pursuant to 28 U.S.C. §§ 1391, 1408, and 1409.

5. The Court has the power to grant the relief requested based on §§ 105, 106, and 525 of Title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code").

6. The Debtor consents to entry of final orders by this Court in this adversary proceeding.

### Parties

7. Alaska Urological Institute, P. C., Plaintiff herein, filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 25, 2020 (the "Petition Date"). Since the Petition Date, the Plaintiff/Debtor has been operating its businesses as a debtor in possession.

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016  Email: cabot@cclawyers.net

8. Debtor provides medical services to the public in the areas of urology, oncology, radiation oncology, surgery, breast reconstructive and cosmetic surgery, pulmonology and hematology, and integrative medicine. Debtor also conducts clinical research through a division it refers to as the Alaska Clinical Research Center ("ACRC"). ACRC has ongoing trials with patients enrolled in all stages of cancer therapy, vaccine studies and new antibiotic drugs in development. As of the Petition Date, AUI had approximately 25,000 patient visits per year, and typically saw 95 to 130 patients per day. As of the Petition Date, AUI employed approximately 84 persons, including physicians.

9. Defendant United States Small Business Administration ("SBA") is an agency of the United States whose central office is located at 409 Third Street, SE Washington DC 20416. The SBA can sue and be sued in a court of competent jurisdiction, including for declaratory relief, injunctions, and damages.

10. Defendant Jovita Carranza is Administrator of the SBA ("Administrator") and is sued in her capacity as Administrator of the SBA.

11. The Administrator can sue and be sued on behalf of the SBA in any court of competent jurisdiction under Section 106(a) of the Bankruptcy Code and 15 U.S.C. Section 634(b), and can be served with process pursuant to Bankruptcy Rule 7004(b)(4) and (5) by first class mail, and email, as follows:

Jovita Carranza
U. S. Small Business Administration
409 3rd Street S.W.
Washington, DC 20426

Nancy Porzio, District Director
Small Business Administration

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

420 L Street, Suite 300
Anchorage, AK 99501
nancy.porzio@sba.gov

Attorney General of the United States
Civil Division
U. S. Department of Justice
P. O. Box 7146
Ben Franklin Station
Washington DC 20044

Attorney General of the United States
Attn: Civil Process
U. S. Department of Justice
950 Pennsylvania Ave., NW
Washington DC 20530-0001

Bryan Schroder
Assistant U. S. Attorney for the District of Alaska
222 W. 7th Ave #9, Room 253
Anchorage AK 99513
bryan.schroder@usdoj.gov

## The CARES Act

12.     On or about March 27, 2020, Congress enacted and the President signed the Coronavirus Aid, Relief and Economic Security Act ("the CARES Act), Public Law 116-136; https://www.govtrack.us/congress/bills/116/hr748/text.

13.     The CARES Act included stimulus funds designed to assist businesses, including 501(c)(3) nonprofits, and to ensure that American workers continue to be paid despite the economic impact of Covid-19 and social distancing measures.

14.     Section 1102 of the CARES Act establishes PPP as a convertible loan program under § 7(a) of the Small Business Act, codified at 15 U.S.C. § 636. While nominally called a "loan," PPP disbursements are treated as grants - and there are no

Page 4        VERIFIED COMPLAINT
               H:\3302\SBA\Complaint\Complaint.wpd

repayment obligations - if, among other things, seventy - five percent (75%) of PPP funds are used for payroll and wage expenses, interest on mortgagees, rent, or utilities.[1]

15. A qualified borrower may receive PPP funds equal to two and a half (2.5) times its average monthly payroll, up to a limit of $10 million. A borrower need not exhaust its other credit options prior to receiving PPP funds.

16. A borrower can obtain funds under PPP by applying with any federally insured participating lender using an application form created by the SBA, and the SBA guarantees the loan.

17. The entire purpose of the program is to provide grants to companies in order to ensure that workers can be paid. The CARES Act specifically waives all underwriting considerations under § 7(a) of the Small Business Act, including but not limited to, underwriting requirements, collateral review, or loan covenants. There is no evaluation of risk because there is no expectation of repayment, provided funds are used for permitted purposes. All small businesses have a right to apply for PPP funds.

18. Section 1114 of the CARES Act grants the SBA emergency rule making authority and charges the SBA to issue regulations to carry out certain of the programs contemplated in the CARES Act, including PPP.

19. On April 2, 2020, the SBA and the Administrator issued an interim final rule (the "First Interim Rule") providing guidance on, *inter alia*, the eligibility

---

[1] Funds not used in conformity with this ratio would be required to be repaid, but at a low, fixed interest rate, with payments deferred for up to a year. See § 1102(g) of the CARES Act.

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

requirements to receive funds under PPP. The First Interim Rule contains no explicit or implicit exclusion for debtors. The SBA and the Administrator published the First Interim Rule on April 15, 2020. A true and correct copy of the First Interim Rule is attached hereto **as Exhibit 1.**

20. On April 2, 2020, in conjunction with issuing the First Interim Rule, the SBA and the Administrator released Official SBA Form 2483, titled "Paycheck Protection Program Borrower Application Form," which is the SBA's official form that borrowers must submit in connection with a PPP funds request. Other than filling out the official form of application, there is no underwriting, and the Administrator is relying upon assistance of commercial lenders acting in concert with the SBA to administer PPP.

21. Interested businesses apply for a PPP loan using Official SBA Form 2483. Even though no law, regulation, or rule of any kind (including § 1102 of the CARES Act or the First Interim Rule), that was in effect at the time that form was created, disqualified or authorized the SBA or the Administrator to disqualify bankruptcy debtors from participating in PPP, Form 2483 asks whether "the Applicant ... [is] presently involved in any bankruptcy" and then goes on to state that answering "yes" to that question means a request for PPP finds will not be approved.

22. In addition, the SBA and the Administrator released Official SBA Form 2484, titled "Lender Application Form-Paycheck Protection Program Loan Guaranty", which is the SBA's official form that lenders must submit to the SBA in connection with a PPP funds request (the "Lender Application" and, together with the PPP application,

the "PPP Applications"). A copy of the Lender Application is attached to this Complaint as **Exhibit 2.**

23. The Lender Application asks the lender whether "[t]he Applicant has certified to the Lender that neither the Applicant nor any owner (as defined in the Applicant's SBA Form 2483) is... presently involved in any bankruptcy." The Lender Application states that if the lender answers "no" to this question, " the loan cannot be approved."

24. There does not exist, in any form available to the public any sort of administrative record, or other information as to the factual basis, or decisional process, by which this bankruptcy exclusion provision found its way into the Lender Application.

25. On or about April 4, 2020, the SBA and the Administrator issued a supplemental interim final rule (the "Second Interim Rule") providing further guidance on PPP. Like the First Interim Rule, the Second Interim Rule does not state that bankruptcy debtors are ineligible for PPP Funds. On April 15, 2020, the SBA and the Administrator published the Second Interim Rule. A true and correct copy of the Second Interim Rule is attached hereto as **Exhibit 3.**

26. On April 14, 2020, the SBA issued a third interim final rule (the "Third Interim Rule"). Not only does the Third Interim Rule make no mention of bankruptcy debtors, but it specifically states, "The Administrator recognizes that, unlike other SBA loan programs, the financial terms for PPP Loans are uniform for all borrowers, and the standard underwriting process does not apply because no creditworthiness assessment is required for PPP Loans". This disavowal by the SBA and the Administrator of any

concern for the creditworthiness cuts directly against any argument they might make that their exclusion of bankruptcy debtors is motivated by this concern. On April 20, 2020, the SBA and the Administrator published the Third Interim Rule. A true and correct copy of the Third Interim Rule is attached hereto as **Exhibit 4.**

27.     On April 24, 2020, the SBA and the Administrator proposed another interim final rule (the "Fourth Interim Rule") with respect to PPP that states "[i]f the applicant or the owner of the applicant is the debtor in a bankruptcy proceeding, either at the time it submits the application or at any time before the loan is disbursed, the applicant is ineligible to receive a PPP loan". The stated basis for this rule is that the Administrator "determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans". A copy of this Fourth Interim Rule is attached hereto as **Exhibit 5.** The SBA and the Administrator published the Fourth Interim Rule on April 28, 2020.

28.     There does not exist, in any form available to the public any sort of administrative record, or other information as to the factual basis, or decisional process, by which the bankruptcy exclusion provisions found their way into the Fourth Interim Rule.

29.     The Debtor is precisely the sort of business PPP was enacted to protect: Debtor is a small business (as defined by the SBA) in one of the industries hardest hit by the pandemic and is attempting to obtain funding to meet payroll for its employees, among other permitted uses. PPP funds would allow the Debtor to endure the pandemic without having to make further layoffs. However, due to what appears to be a completely

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

arbitrary, baseless, and discriminatory requirement imposed by the SBA and the Administrator, the Debtor is ineligible to participate based solely on its status as a debtor under the Bankruptcy code. The Debtor otherwise meets the criteria for eligibility to participate in PPP.

30. PPP funds are available on a first come, first serve basis. The first tranche of PPP funding was completely exhausted on April 16, 2020. Congress subsequently provided more funds, but PPP ends June 30, 2020, or when PPP funds are exhausted, whichever comes first.

31. On May 22, 2020, Debtor submitted a PPP application to First National Bank Alaska ("FNBA"). A copy of the application submitted to FNBA (the "FNBA Application") is attached as **Exhibit 6**.

32. The FNBA Application requests a total of $1,160,482.18, to be used solely for payroll, lease and/or mortgage interest, and utilities. **See Exhibit 6.**

33. The Debtor truthfully answered "yes" to question 1 on the FNBA Application.

34. On May 28, 2020, Debtor received official notice ("FNBA Turndown Notice") that SBA had rejected the FNBA Application because "this borrower is ineligible. Please refer to IFR #1, 3 and 4, and Treasury FAQ on eligibility." A true and correct copy of the FNBA Turndown Notice is attached hereto as **Exhibit 7.**

35. Debtor became aware that another Chapter 11 debtor in Alaska had successfully received PPP funds, through Nuvision Federal Credit Union, dba Denali, a division of Nuvision Credit Union, 440 East 36th Ave., Anchorage AK 99501 ("Denali")

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016  Email: cabot@cclawyers.net

even though that debtor was in bankruptcy. Accordingly, Alaska Urological Institute, P.C. decided to submit a new PPP application through Denali.

36.　On June 4, 2020, Debtor submitted a new PPP application to Denali. A copy of that application (the "Denali Application"), excluding the exhibits thereto, is attached as **Exhibit 8.**

37.　The Denali Application requests a total of $1,160,482.18, to be used solely for payroll, lease and/or mortgage interest, and utilities. See Exhibit 8.

38.　The Debtor truthfully answered "yes" to question 1 on the Denali Application.

39.　On June 11, 2020, Debtor received official notice (the "Denali Turndown Notice") that SBA had rejected the Denali Application because Debtor was in bankruptcy. A true and correct copy of the Denali Turndown Notice is attached hereto as **Exhibit 9.**

40.　The PPP funds are critical to the Debtor's ability to continue to operate its business. These funds are vital to maintaining healthcare offerings to the surrounding community. Lack of funding under this program would impair the Debtor's ability to reorganize in the anticipated time frame.

41.　The Debtor is an eligible borrower under PPP and seeks to ensure adequate funds are available under this second trance of PPP funding once its discrimination claims are resolved.

## COUNT I

**Preliminary and Permanent Injunction)**

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016　Email: cabot@cclawyers.net

42. The Debtor incorporates the foregoing allegations as if set forth fully herein.

43. The Debtor is entitled to seek relief against the SBA and the Administrator under Rule 65 of the Federal Rules of Civil Procedure, which is applicable to this action pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

44. There is no prohibition in the CARES Act or under § 7(a) of the Small Business Act prohibiting lending to debtors in bankruptcy.

45. Moreover, the CARES Act specifically waives all underwriting considerations under § 7(a) of the Small Business Act.

46. The Debtor is likely to prevail on the merits of its claim for an injunction as well as for declaratory relief.

47. The balance of hardships favors issuance of preliminary injunctive relief. The inability to obtain PPP funds would cause the Debtor to suffer immediate and irreparable harm. In this case, the Debtor has had its cash flow negatively impacted by the Covid-19 pandemic and, therefore, access to the PPP funds will allow the Debtors to continue in operation providing medical care to the community in general and COVID-19 patients in particular. The current PPP funds are expected to be exhausted quickly and may not be replenished once exhausted. Thus, if the Court does not grant the Debtor a temporary restraining order pending resolution of the adversary proceeding, the PPP funds most likely will no longer be available to the Debtor. Absent a temporary restraining order, there are no monetary damages that will be available, because the second trance of PPP funds will be exhausted. Hence, the injury is real, imminent and

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016  Email: cabot@cclawyers.net

incapable of being remedied by monetary damages. Moreover, preliminary and permanent injunctive relief while this matter is pending will not harm the SBA or the Administrator,

48. The Debtor seeks an order enjoining the SBA and the Administrator from denying the FNBA Application and the Denali Application (collectively, "the PPP Applications") on the basis that the applicant is a debtor in bankruptcy and requiring that any application of the Debtor to participate in PPP be considered without the words "presently involved in any bankruptcy" being considered.

49. Due to the "first come, first served" nature of PPP appropriations, the Debtor further seeks an order enjoining the SBA and the Administrator from issuing loan guaranties or approving PPP Applications in an amount that would leave insufficient funds for the Debtor's funding pursuant to the Applications (or any subsequent applications filed shortly hereafter) until the Debtor's claims in this Complaint are resolved.

## COUNT II

**(Declaratory Relief)**

50. The Debtor incorporates the foregoing allegations as if set forth fully herein.

51. The Debtor is entitled to seek declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure.

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

Page 12    VERIFIED COMPLAINT
H:\3302\SBA\Complaint\Complaint.wpd

52. The Debtor has a legal right to apply for funds under PPP and to have its PPP Applications considered on the same terms as other applicants without regard to its status as debtor under chapter 11 of the Bankruptcy Code.

53. By prohibiting FNBA and Denali from processing the PPP Applications, and by prohibiting disbursements to debtor under PPP, the SBA and the Administrator have exceeded their statutory authority.

54. The Debtor is entitled to a declaratory judgment that the CARES Act requires its PPP Applications to be considered on the same terms as other qualified businesses that are not presently debtors in cases arising under the Bankruptcy Code.

## COUNT III

**(Violation of 11 U.S.C. § 525(a) – Discriminatory Treatment)**

55. The Debtor incorporates the foregoing paragraphs as if set forth fully herein.

56. Section 525(a) of the Bankruptcy Code prohibits the federal government from discriminating against a person based on that person's status as a debtor with respect to a "license, permit, charter, franchise, or other similar grant[.]" Section 525(a)'s list is illustrative, and not exhaustive.

57. PPP constitutes a grant within the meaning of § 525(a) of the Bankruptcy Code in that the program is designed to provide forgivable loans to qualified businesses that are akin to grants.

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

58. This disavowal, cuts directly against any argument they might make that their exclusion of bankruptcy debtors is motivated by a concern regarding creditworthiness.

59. But for its status as debtor in bankruptcy, the Debtor is otherwise qualified for PPP funds. Having disclaimed, in the Third Interim Rule, any concern for creditworthiness concern for creditworthiness ("The Administrator recognizes that, unlike other SBA loan programs, the financial terms for PPP Loans are uniform for all borrowers, and the standard underwriting process does not apply because no creditworthiness assessment is required for PPP Loans"), the SBA's sole basis for denying the Debtor the ability to participate in PPP is simply the Debtor's status as debtor in this Court. The SBA, therefore, has violated, and continues to violate, § 525(a) of the Bankruptcy Code by discriminating against debtors in bankruptcy.

60. The SBA's violation of § 525(a) is causing ongoing harm to the Debtor.

## COUNT IV
### (Administrative Procedure Act - Exceeding Statutory Authority)

61. The Debtor incorporate each of the foregoing paragraphs as if set forth fully herein.

62. Under APA, courts must "hold lawful and set aside agency action" that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right". 5 U.S.C. § 706(c)(2).

63. The SBA and the Administrator may only exercise the authority conferred upon them by statute.

64. No statute regulation, or rule of any kind - other than the Fourth Interim Rule - disqualifies, or authorizes the SBA or the Administrator to disqualify, bankruptcy debtors from participating in PPP.

65. The SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtor, to be automatically ineligible is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right", in violation of the APA.   5 U.S.C. § 706(2)(C).

66. No administrative appeals or remedies are available to the Debtor to seek review of the SBA and the Administrator's determination to issue PPP Applications and their exclusion of bankruptcy debtors.

67. The Debtor is entitled to a declaratory judgment that the SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtors, to be ineligible is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right", in violation of the APA.

68. The Debtor has no adequate remedy at law.

## COUNT V
### (Administrative Procedure Act - Arbitrary and Capricious)

69. The Debtor incorporate each of the foregoing paragraphs as if set forth fully herein.

70. The APA provides that courts must "hold unlawful and set aside" agency action that is "arbitrary, capricious, [or] an abuse of discretion'.  5 U.S.C. § 706(2)(A).

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

71. The SBA has adopted a policy of automatically disqualifying bankruptcy debtors from participating in PPP, and has designed its applications to carry out this policy.

72. The SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtor, to be ineligible is "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA. 5 U.S.C. § 706(2)(A)

73. No administrative appeals or remedies are available to the Debtor to seek review of the SBA and the Administrator's determination to issue PPP Applications and their arbitrary exclusion of bankruptcy debtors.

74. The Debtor is entitled to a declaratory judgement that the SBA and the Administrator's implementation of PP Pin a manner that causes debtors in bankruptcy, including Debtor, to be ineligible is "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA.

## V.   NO BOND IS REQUIRED

75. Due to the nature of this request, no bond is require for the enforcement of an injunction, and under these circumstances, no bond should be required for the temporary emergency relief sought by the way of Rule 7065 of the Federal Rules of Bankruptcy Procedure.

## VI.   RELIEF REQUESTED

With respect to **Count I**, the Debtor seeks the following relief:

(A) That the Court enter a preliminary injunction enjoining the SBA or the Administrator from denying an application for PPP funds on the basis that the applicant

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016   Email: cabot@cclawyers.net

is a debtor in bankruptcy or because of the words "presently involved in any bankruptcy" on the PPP Application. The Debtor requests that this relief be granted until such time as a final judgment is entered on their claims in **Count II, Count III, Count IV,** and **Count V**;

(B) That the Court enter a preliminary injunction enjoining the SBA and the Administrator from issuing loan guaranties or approving PPP applications from other borrowers in an amount that would leave insufficient funds for the Debtor's funding pursuant to the PPP Applications (or any amended applications) until entry of final judgment on the Debtor's claims in **Count II, Count III, Count IV,** and **Count V**; and

(C) That the Court enter permanent injunctive relief with respect to the relief in the two immediately preceding sub-paragraphs.

With respect to **Count II**, the Debtor seeks the following relief:

(A) That the Court enter a declaratory judgment that the CARES Act does not prohibit the PPP Applications (or any amended applications) from being considered on the same terms as other qualified businesses that are not debtors in cases arising under the Bankruptcy Code and which are also seeking PPP funding.

With respect to **Count III**, the Debtor seeks the following relief:

(A) That the Court make a determination that the SBA and the Administrator have violated § 525(a) of the Bankruptcy Code with respect to the Debtor's Applications;

(B) That the Court make a determination that the SBA and the Administrator have violated § 525(a) of the Bankruptcy Code by issuing its Fourth Interim Rule and promulgating PPP Applications excluding debtors; and

Page 17     VERIFIED COMPLAINT
            H:\3302\SBA\Complaint\Complaint.wpd

**LAW OFFICES OF CABOT CHRISTIANSON, P.C.**
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

(C) That the Court award damages, in an amount to be proven at trial, in the event that the Court does not grant the relief requested in **Count I** on a temporary or preliminary basis and it is later determined that the Debtor was eligible for PPP funds but none remain available.

With respect to **Count IV**, the Debtor seeks the following relief:

(A) That the Court enter a declaratory judgment that the SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtor, to be ineligible is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of the APA.

With respect to **Count V**, the Debtor seeks the following relief:

(A) That the Court enter a declaratory judgment that the SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, inlcuding the Debtor, to the ineligible is "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA.

With respect to **Count I, Count II, Count III, Count IV,** and **Count V**, the Debtor requests that they be awarded attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b). *See Murkeldove v. Astrue,* 635 F.3d 784 (5th Cir. 2011); *In re Transcon Lines,* 178 B.R. 228, 232 (Bankr. C.D. Cal. 1995) ("bankruptcy court has jurisdiction to award fees" under EAJA).

The Debtor also requests any other and further relief be granted that may be appropriate.

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

Dated this June 17, 2020.

LAW OFFICES OF<br>
CABOT CHRISTIANSON, PC<br>
Attorneys for Debtor<br>
<br>
By: /s/ Cabot Christianson<br>
Cabot Christianson

List of Exhibits
1. First Interim Rule
2. Lender Application
3. Second Interim Rule
4. Third Interim Rule
5. Fourth Interim Rule
6. FNBA Application
7. FNBA Turndown Notice
8. Denali Application
9. Denali Turndown Notice

## VERIFICATION OF TINA PRESLEY

I, Tina Presley, submit this Verification in support of the foregoing complaint that the Debtor has filed against the Defendants United States Small Business Administration and Jovita Carranza in her capacity as the Administrator of the SBA. I hereby state and declare, under penalty of perjury under the laws of the United States of America, that I am the Chief Executive Officer of the Debtor and that the allegations in the foregoing complaint that related to the Debtor are true and correct, to the best of my knowledge, information and belief and are based upon my personal knowledge.

Dated June 17, 2020.

Tina Presley, Chief Executive Officer<br>
Alaska Urological Institute, P. C.

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 17, 2020, a true and correct copy of the above document was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

By: /s/ Margaret Stroble
      Margaret Stroble

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 West 8th Avenue, Ste 201
Anchorage, AK 99501
Phone: 907-258-6016 Email: cabot@cclawyers.net

Page 20    VERIFIED COMPLAINT
H:\3302\SBA\Complaint\Complaint.wpd